# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

## ATTACHMENT A
## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

Your affiant, Lisa A. Herb, Special Agent with the United States Department of the Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), submits this affidavit in support of a United States District Court complaint for the following individual:

### Brian Keith SWOPE, Jr.

*Addresses:* 214 Southerly Road, Brooklyn Park, Maryland 21225
and
23 Nann Avenue, Brooklyn Park, Maryland 21225

Because this affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. The information contained in this affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers, and other individuals. All conversations and statements described in this affidavit are related in substance and in part, unless otherwise indicated.

Based on the information herein, your affiant submits that there is probable cause that on or about May 23, 2013, **SWOPE** maliciously damaged and destroyed, and attempted to damage and destroy, by means of fire and explosive materials, a building used in and affecting interstate commerce, in violation of Title 18 U.S.C. § 844(i).

## AFFIANTS' EXPERTISE

1. Your affiant, Special Agent Lisa A. Herb, of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, being duly sworn, deposes and states that she is a law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, federal felony offenses.

2. Your affiant has been employed as a Special Agent with ATF since March 2003 and is currently assigned to the Baltimore Field Division in the Arson and Explosives Group and charged with investigating violations of the Federal arson, explosive and firearm laws. Previously, your affiant was assigned to the Regional Area Gang Enforcement Unit (RAGE), an ATF sponsored task force designed to focus on the increasing violent gang crimes occurring in Prince George's County, Maryland and the surrounding Washington D.C. Metropolitan Region, and also assigned to the Baltimore Field Division, Hyattsville Office. Your affiant successfully completed nine weeks of the United States Treasury



Department's Criminal Investigator's School and twelve and one-half weeks of ATF New Professional Training at the Federal Law Enforcement Training Center in Glynco, Georgia. Your affiant has received extensive training, both formal and on-the-job, in the provisions of the Federal Firearms Laws administered under Title 18 and Title 26 of the United States Code.

3. The investigation detailed in this affidavit is being conducted by the ATF. The ATF is responsible for conducting investigations involving firearms trafficking, arson and explosives incidents, cigarette smuggling, investigating cases of fraud, and money laundering, all to ensure public safety.

4. Your affiant knows that it is a violation of Title 18 United States Code, Section 844(i) to maliciously damage or destroy, or attempt to damage or destroy, by means of fire or explosive, any building vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce.

## RELEVANT FACTS

5. On January 8, 2013, a federal grand jury returned a Superseding Indictment against five defendants, including Mohammad Khan ("Khan"). The Superseding Indictment alleges that the defendants conspired to bribe an individual they believed to be a public official, in violation of 18 U.S.C. §§ 371, 201(b)(1)(B). Defendant Khan was arrested, appeared before this Court, and consented to detention on May 22, 2013. At the time of his arrest, Defendant Khan operated Pizza City, 5621 Belle Grove Road, Brooklyn, Maryland.

6. On May 23, 2013, at approximately 05:40 a.m., a fire occurred at a commercial building occupied by Pizza City. Pizza City was located at 5621 Belle Grove Road, Brooklyn Park, Maryland. Anne Arundel County Fire and Police units responded to the fire. Anne Arundel County Fire Department units arrived on location and the fire was extinguished. A search of the building revealed no persons inside.

7. At the time of the fire, Khan was in federal custody on the above-referenced Superseding Indictment.

8. On May 23, 2013, law enforcement officers with the Anne Arundel County Fire Marshal's Office ("AAFMO") applied for and obtained a state search warrant to enter the premises at 5621 Belle Grove Road, Brooklyn, Maryland. Multiple law enforcement officers from AAFMO, Anne Arundel County Police Department ("AAPD"), the Howard County Fire Department – Fire Marshal's Office, and the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), participated in the execution of the search warrant, which included an analysis of the origin and cause of the fire. Law enforcement officers discovered multiple points of origins inside the building. They further determined the cause of the fire as incendiary, i.e. an intentionally set fire.

9. At the present time, your affiant and other law enforcement officers estimate the damage from the fire at $130,000, including structure and contents. This appears to exceed the

applicable insurance carried by Mr. Reiser, the owner of the building. Your affiant and other law enforcement officers do not have any evidence at the present time that Mr. Reiser or Defendant Khan were involved in setting the fire.

10. On May 23, 2013, while your affiant and other law enforcement officers were investigating the fire scene, residents of adjacent neighborhoods contacted AAPD, and reported discovering parts of a cash register as well as coins on a nearby road. Officers conducted an area wide search, and located a trail of coins and cash register parts leading from the general area near the fire scene. Additionally, a Pizza City employee's timecard was observed along the side of the paved road in front of 21 Nann Avenue (near SWOPE's girlfriend's residence).

11. Pursuant to the fire investigation, your affiant and other law enforcement officers spoke with numerous confidential sources that live in the area near Pizza City. One confidential source (hereinafter "CS1") lives in Brooklyn, Maryland. CS1 stated that CS1 knows SWOPE from the neighborhood, and further knows that SWOPE stays from time to time with his girlfriend Melissa Wee, at 23 Nann Avenue, Brooklyn, Maryland. CS1 further stated that at approximately 12:00 a.m. on the night before the fire, SWOPE contacted CS1 and asked to borrow a tire iron. CS1 provided the tire iron to SWOPE and another man who was with SWOPE. CS1 observed them walk away on foot.

12. Your affiant spoke with another confidential source (hereinafter "CS2"), who also lives in the area of Brooklyn, Maryland, and knows SWOPE well. CS2 stated CS2 observed SWOPE and another male in the parking lot of a vacant building near Pebble Drive and Belle Grove Road at approximately 1:30 a.m. on May 23, 2013. This parking lot is within several hundred feet of Pizza City. CS2 also stated that at approximately 5:30 a.m., CS2 overheard a load banging noise near 23 Nann Avenue.

13. Another confidential source (hereinafter "CS3") was interviewed by other law enforcement officers and advised that CS3 knows SWOPE because CS3 lives in the vicinity of 23 Nann Avenue. CS3 further stated that at 5:30 a.m. on May 23, 2013, CS3 observed SWOPE and another individual who CS3 did not recognize near 23 Nann Avenue.

14. Following the fire, your affiant interviewed another confidential source (hereinafter "CS4"), who advised that CS4 used to work at Pizza City, and that SWOPE also worked there at one time. After Khan's arrest, but prior to the fire, SWOPE spoke with CS4 about breaking into Pizza City to get money and CS4 asked SWOPE not to break into Pizza City. CS4 stated that on the afternoon after the fire, SWOPE stated to CS4 that SWOPE used a tire iron to get into Pizza City. SWOPE also told CS4 that he stole money from the cash register, a laptop, a desktop computer, sodas, and frozen items from Pizza City. SWOPE told CS4 that the cash register wasn't worth his time because there was only a $20 bill and $30 in change. SWOPE also told CS4 that he set fire to the building to get rid of the fingerprints and busted up the computers. CS4 also told your affiant that SWOPE showed CS4 food items that he was keeping at 214 Southerly Road, an address CS4 knows SWOPE to stay at from time to time, and that CS4 recognized some of the food items to be from Pizza City.

15. Federal agents have obtained a copy of a letter SWOPE sent CS4 while he was in jail. The letter is signed by SWOPE and contains his prisoner number, and suggests that CS4 say that CS4 doesn't know anything and only said what CS4 said due to mistreatment by law enforcement. SWOPE also wrote that if "worst come to worst you can tell them I broke into the store 2 days before the fire."

16. On May 23, 2013, law enforcement officers arrested SWOPE and entered a residence at 214 Southerly Road, Brooklyn Park, Maryland, at SWOPE's request to retrieve his shoes. While in the residence, officers observed approximately six 2 liter soda bottles and numerous twelve packs of soda near a mattress. According to another confidential source (hereinafter "CS5"), who was interviewed by federal agents, and also lives at 214 Southerly Road, the mattress where officers found the food items was used by SWOPE. CS5 stated that SWOPE is allowed to use the room and the mattress, but SWOPE does not pay bills or rent. CS5 further stated that these food items were not inside the room prior to the time of the fire.

17. On May 24, 2013, law enforcement officers returned to 214 Southerly Road, and lawfully seized a cell phone with two associated phone numbers: (443) 546-6630 and (443) 951-5416, from the vicinity of SWOPE's bed. This cell phone was on and functioning. While in the residence, officers also seized frozen food and soda consistent with CS4's description of food items taken from Pizza City.

18. Prior to the fire, Pizza City had employees, sold pizzas and other food items, and accepted cash and credit for purchases. Because it was rented by Khan from Mr. Reiser (the owner of the property) and because of the nature of the pizza business (including but not limited to likely ordering food from out of state distributors and what witnesses have described as its processing of credit card transactions), your affiant submits there is probable cause that the building was used for an activity affecting interstate commerce.

## CONCLUSION

19. Based upon the foregoing, I submit that there is probable cause to issue a criminal complaint and arrest warrant for **Brian Keith SWOPE, Jr.,** charging him with arson, in violation of Title 18 United States Code, Section 844(i).

_____
Lisa A. Herb
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives


Subscribed and sworn to before me this  18TH  day of June 2013 in Baltimore, MD.

_____
United States Magistrate Judge